NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

CONRAD LONNIE BOWEN, JR., *Appellant*.

No. 1 CA-CR 16-0694
FILED 8-8-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2015-135741-002
The Honorable Virginia L. Richter, Judge, *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia K. Norris[1] and Judge Michael J. Brown joined.

J O H N S E N, Judge:

¶1   Conrad Lonnie Bowen, Jr. timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of possession or use of a dangerous drug, a Class 4 felony. Bowen's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Bowen was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Bowen's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶2   Police stopped a car in which Bowen was riding and thought they smelled PCP.[2] They ordered Bowen out of the car and found two cigarettes in a small plastic bag where Bowen's feet would have been in the passenger foot well. The cigarettes later were confirmed to contain PCP. Bowen was convicted of possession or use of a dangerous drug. The superior court found he had two or more historical prior felony convictions and imposed a mitigated term of six years' incarceration.

---

[1]   The Honorable Patricia K. Norris, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]   Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Bowen. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

¶3          Bowen timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2017), 13-4031 (2017) and -4033 (2017).[3]

## DISCUSSION

¶4          The record reflects Bowen received a fair trial.  He was represented by counsel at all stages of the proceedings against him and was present at all critical stages.  The court held appropriate pretrial hearings.

¶5          The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict.  The jury returned a unanimous verdict, which was confirmed by juror polling.  The court considered Bowen's criminal history and imposed a legal sentence for the crime of which he was convicted.

## CONCLUSION

¶6          We have reviewed the entire record for reversible error and find none, and therefore affirm the conviction and resulting sentence.  *See Leon*, 104 Ariz. at 300.

¶7          Defense counsel's obligations pertaining to Bowen's representation in this appeal have ended.  Counsel need do no more than inform Bowen of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the court's own motion, Bowen has 30 days from the

---

[3]          Absent material revision after the date of an alleged offense, we cite a statute's current version.

date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Bowen has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA